# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RONDALE D. TENNER,

                         Petitioner,

v.

DYLON RADTKE,

                         Respondent.

Case No. 20-CV-569-JPS

**ORDER**

### 1. INTRODUCTION

On April 7, 2020, Petitioner Rondale Tenner ("Tenner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is being held in violation of his constitutional rights. (Docket #1). His petition contains three grounds for relief, one of which Tenner admits is unexhausted. (*Id.*) Tenner requests that the Court stay his petition while he exhausts that ground in state court. On August 17, 2020, Tenner filed a motion to stay the action while he exhausts two additional grounds in state court. The Court will treat this motion as a request to both amend his petition to include the additional grounds and stay the petition. For the reasons explained below, the Court will partially grant and partially deny Tenner's motion to amend and stay his petition.

### 2. FACTUAL AND PROCEDURAL BACKGROUND

Tenner is currently serving a 58-year sentence for a Wisconsin conviction for first degree reckless homicide while using a dangerous weapon, armed robbery with use of force, and possession of a firearm by a

felon. (Docket #1-1 at 3–4, 6).[1] The conviction arose out of a drug deal that escalated into armed robbery and homicide. (*Id.* at 4). When the police arrived at the scene, they found one victim lying on the floor, whom they pronounced dead by gunshot wound. (*Id.*) The surviving victim, D.J., reported that the perpetrator had robbed him. (*Id.* at 5). In light of the police investigation, Tenner was charged with the aforementioned crimes. (*Id.*)

In September 2014, the matter proceeded to a jury trial. (*Id.*) During the trial, D.J., Misty Beilke (whom Tenner was dating at the time of the crime), and a third witness testified against Tenner. (*Id.* at 6). As a result of this testimony, along with a host of other evidence, the jury convicted Tenner in October 2014. (*Id.*)

Following his conviction, Tenner filed a notice of intent to pursue postconviction relief on November 17, 2014, and, after a number of extensions, he filed a motion for postconviction relief on June 22, 2017. In the postconviction motion, Tenner argued (1) that his trial counsel was ineffective for failing to impeach Bielke using her criminal record, and (2) that he had obtained newly discovered evidence, namely an affidavit from Ivan Boyd who claimed that D.J. had confessed to committing the crime to him. (*Id.* at 6–7). The Circuit Court in Milwaukee County held an evidentiary hearing at which Tenner's trial counsel, Charles Glynn, testified that his decision to not impeach Bielke was based on trial strategy. (*Id.* at 7). It was also revealed that Boyd had a history of submitting false evidence in several previous instances (one of which occurred in federal court). (*Id.* at 8). The circuit court denied Tenner relief, and Tenner appealed. (Docket #1-

---

[1] The majority of the facts in this Order come from the Wisconsin Court of Appeals' recitation. (Docket #1-1 at 3–6). *State v. Tenner*, 927 N.W.2d 931 (Wis. Ct. App. 2019).

1 at 1). On March 12, 2019, the Wisconsin Court of Appeals affirmed, *Tenner*, 927 N.W.2d 931, and on June 11, 2019, the Supreme Court of Wisconsin denied review, *State v. Tenner*, 931 N.W.2d 534 (Wis. 2019). (Docket #1-1 at 14, 15).

On April 7, 2020, Tenner petitioned this Court for habeas relief. In his petition, Tenner presents three grounds for relief: (1) "Trial Counsel was prejudicially ineffective for failing to cross-examine state witness Misty Beilke as to her prior criminal history which [ostensibly] went toward her credibility" ("Ground One"); (2) "New Discovered Evidence of testimony of Ivan Boyd's would undermine the outcome of the trial" ("Ground Two"); and (3) "Appellate counsel failed to adequately raise that Boyd's affidavit had demonstrated that there was a reasonable probability that a different result would be reached in a new trial with the inclusion of Boyd's affidavit" ("Ground Three"). (Docket #1 at 6–8). Tenner acknowledges that Ground Three is unexhausted and asks the Court to stay his petition while he exhausts that ground in state court. (*Id.* at 12).

A few months later, on August 17, 2020, Tenner filed a motion to stay proceedings and introduced two additional grounds for relief based on ineffective assistance of his appellate counsel. (Docket #5). One ground concerns his appellate counsel's "failur[e] to raise on direct appeal that trial counsel was ineffective for failing to call a witness to support the defense theory that victim Jenkins[2] was actually the person who killed the person [at the crime scene]" ("Ground Four"). (*Id.* at 1). The other ground alleges that appellate counsel failed to raise the issue that "[t]he Trial court violated

---

[2]It is unclear whether "victim Jenkins" is whom the Wisconsin Court of Appeals referred to as "D.J."

Tenner's right to present a defense" when it prohibited Tenner from questioning a detective about Boyd's affidavit, despite allowing the State to "elicit testimony how [Boyd's] claims were disproved" ("Ground Five"). (*Id.*) Tenner admits that neither of these grounds is exhausted, and he requests that the Court stay his petition to allow him to exhaust Grounds Four and Five.

3.  ANALYSIS

    3.1  Motion to Amend

The Court will treat Tenner's August 17, 2020 motion to stay, (Docket #5), as including a request to amend his petition to include Grounds Four and Five. (Docket #5). Habeas petitions are governed by Federal Rule of Civil Procedure ("FRCP") 15, which addresses motions to amend. 28 U.S.C. § 2242; Fed. R. Civ. P. 81(a)(4). FRCP 15 provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading." Fed. R. Civ. P. 15(a)(1). In a federal habeas case, the period in which a petitioner may amend without leave of the court "can be rather long" because, "[u]nder Habeas Corpus Rule 4, a petition is not immediately served on the respondent." *Mayle v. Felix*, 545 U.S. 644, 663 (2005); *see* Rules Governing Section 2242 Cases in the United States District Courts, Rule 4. Thus, before a court conducts the Rule 4 screening, "the petitioner may amend his pleading as a 'matter of course,'" so long as the statute of limitations for filing a habeas petition has not expired. *Mayle*, 545 U.S. at 663 (quoting Fed. R. Civ. P. 15(a)). Once the statute of limitations expires, a petitioner may still amend, but any proposed amendments must relate back to the original petition, *id.* at 656–57; Fed. R. Civ. P. 15(c)(1), and "ar[i]se out of the [same] conduct,

transaction, or occurrence" as the grounds alleged in the original petition. *Mayle*, 545 U.S. at 655 (quoting Fed. R. Civ. P. 15(c)(2)). In other words, the "original and amended petitions [must] state claims that are tied to a common core of operative facts." *Id.* at 664.

Here, the deadline for Tenner to file a habeas petition was September 9, 2020. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012); *see also infra* Section 3.2.1. Tenner submitted his motion to amend the petition on August 17, 2020. (Docket #5). Thus, because Tenner submitted his amendments within the statute of limitations, Grounds Four and Five, (Docket #5), will be considered as part of his original petition, (Docket #1).[3]

### 3.2 Rule 4 Screening and Motion to Stay

The Court will now turn to screening the petition under Rule 4 of the Rules Governing Section 2254 Cases. That rule authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Thus, Rule 4 provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, including whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

---

[3]Ordinarily, the Court asks that a petitioner seeking to amend his or her petition include an amended petition that contains all of the claims on which they wish to proceed with their motion to amend. But, in the present case, due to the exhaustion issues discussed in the remainder of this Order, the Court will not compel Tenner to comply with this requirement.

### 3.2.1 Timeliness

First, the Court considers the timeliness of the petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of § 2244(d)(1)(A) when all direct appeals in the state courts are concluded, followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *See Ray*, 700 F.3d at 1003.

Here, it appears the petition is timely. After the Wisconsin Court of Appeals affirmed Tenner's conviction and the trial court's denial of postconviction relief, Tenner petitioned the Wisconsin Supreme Court for review. (Docket #1-1 at 3–14). The Wisconsin Supreme denied review on June 11, 2019, and Tenner did not seek certiorari with the U.S. Supreme Court. He then had until September 9, 2020 (i.e., 90 days plus one year) to file his habeas petition. Tenner filed his petition on April 7, 2020 and his amendments on August 17, 2020. (Docket #1, #5). Thus, the Court will not dismiss Tenner's petition for want of timeliness.

### 3.2.2 Exhaustion

Next, the Court analyzes whether Tenner fully exhausted his state court remedies. A district court may not address grounds raised in a habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001). A petitioner exhausts his claim when he presents it to the highest

Page 6 of 11
Case 2:20-cv-00569-JPS   Filed 03/05/21   Page 6 of 11   Document 6

state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a petitioner is not required to present it to that court again. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Here, Tenner appears to have exhausted his remedies as to Grounds One and Two. Tenner raised both of these grounds in his postconviction motion, and he appealed the trial court's denial of these grounds to the Wisconsin Supreme Court. (Docket #1-1 at 1–15). Tenner admits that he has not exhausted Grounds Three, Four, and Five, and he asks this Court for a stay while he exhausts these grounds in state court. (Docket #1 at 12, #5).

"[S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). And, "even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Id.* An "unexhausted claim is meritless [when] it is untimely." *Foster v. Korte*, No. 12-CV-1172-DRH-CJP, 2014 WL 5347648, at *3 (S.D. Ill. Oct. 21, 2014); *see also Williams v. Superintendent*, No. 3:10-CV-381, 2011 WL 1102865, at *2 (N.D. Ind. Mar. 23, 2011) ("the stay and abeyance procedure set forth in *Rhines* is limited to timely petitions").

In the present case, Tenner states that,

> Tenner's family & friends are currently trying to put together funds for an attorney, but the corona pandemic has not only slowed their efforts, but has also hindered Tenner's ability to talk to a prospective attorney who called his prison. For example, the attorney called but for some reason it didn't go

> through so Tenner was unable to talk to him[.] The attorney hasn't been able to re-schedule another call and won't be able to due to a recent outbreak at Green Bay Corr. Inst. causing a lockdown.

(Docket #5 at 2). Tenner wishes to use the effect of the COVID-19 pandemic as good cause for his failure to exhaust three of his grounds. But Tenner does not provide sufficient reason for why he did not seek to exhaust his grounds during the approximately eight months that he had from when his judgment was finalized in June 2019 until the pandemic majorly hit the United States in March 2020.[4] Further, Tenner's not being able to raise sufficient funds to afford an attorney does not excuse his failure to exhaust. The statute under which Tenner wishes to pursue state exhaustion provides that, had Tenner filed a motion for postconviction relief as to Grounds Three, Four, and Five, the state court would have been required, "if it appear[ed] that counsel [was] necessary and if [Tenner] claim[ed] or appear[ed] to be indigent, [to] refer [him] to the state public defender for an indigency determination and appointment of counsel." Wis. Stat. § 974.06 (2020). By not filing such motion, Tenner never took advantage of this possibility of appointed counsel. *See Below v. Foster*, No. 17-CV-1709-JPS, 2018 WL 1472545, at *4 (E.D. Wis. Mar. 26, 2018) ("That preparing a post-conviction collateral attack is difficult is not sufficient to warrant a stay."). Tenner has not shown good cause for his failure to exhaust. Accordingly, the Court will not grant his motion to stay. *See Rhines*, 544 U.S. at 270 (noting that stay and abeyance "should be available only in limited circumstances").

---

[4]Derrick Bryson Taylor, *A Timeline of the Coronavirus Pandemic, N.Y. Times* (Jan. 10, 2021), https://www.nytimes.com/article/coronavirus-timeline.html.

### 3.2.3 Procedural Default

Having determined that a stay and abeyance is not appropriate in this case, the Court returns to the remaining elements of the screening process as to Grounds One and Two. The Court next determines whether Tenner has procedurally defaulted on any of his exhausted grounds. Even though a constitutional claim in a federal habeas petition has been exhausted, a court is still barred from considering the ground if the petitioner has procedurally defaulted on the claim. *See Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002). A state prisoner procedurally defaults on a constitutional claim in a habeas petition when he fails to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by state law. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000). Here, on the record before the Court, is it does not appear that Tenner has procedurally defaulted on his properly exhausted claims.

### 3.2.4 Frivolous Claims

The Court concludes its Rule 4 review by screening Tenner's petition for patently frivolous claims. *Ray*, 700 F.3d at 996 n.1. Without expressing any opinion as to the potential merit of Tenner's properly exhausted claims, it does not plainly appear that they are frivolous.

### 4. CONCLUSION

Based on the above, Tenner's Grounds One and Two, which are properly exhausted, survive Rule 4 screening. However, Grounds Three, Four, and Five are not properly exhausted, and Tenner has not presented good cause for why the Court should grant a stay and allow him to exhaust these grounds in state court. Accordingly, the Court must give Tenner a choice. This choice, however, will depend on the grounds upon which he

prefers to seek relief. Either Tenner can (1) dismiss this petition in its entirety and pursue exhausting his grounds in state court, or (2) elect to proceed on only the exhausted grounds. If Tenner selects option 1, he should notify the Court of that decision by letter. The Court hereby warns Tenner that pursuing this option may result in him missing his deadline to later pursue federal habeas relief. If Tenner selects option 2, the Court will be able to consider only his exhausted grounds, and Tenner should: (a) file an amended petition which does not include the unexhausted grounds; and (b) file a separate letter telling the Court that he wishes to proceed only on his exhausted grounds. The Court hereby warns Tenner that, if he proceeds only on the exhausted grounds, he may not be able to proceed on his other grounds in a second or successive petition. *See* 28 U.S.C. § 2244(b)(2).

Whichever course of action Tenner elects, the Court will require him to file his amended petition and/or letter as described herein within **thirty (30) days** of the entry of this Order.

Accordingly,

**IT IS ORDERED** that Petitioner's motion to amend and stay his petition (Docket #5) be and the same is hereby **GRANTED in part** as to allow him to amend his petition to include Grounds Four and Five, and **DENIED in part** as to a stay of the petition; and

**IT IS FURTHER ORDERED** that, within **thirty (30) days** of the entry of this Order, Petitioner shall: (1) file a letter seeking dismissal of this action in its entirety to permit him to seek exhaustion of his unexhausted grounds in state court; or (2) file a letter indicating that he wishes to proceed only on his exhausted grounds and file an amended petition that does not include the unexhausted grounds.

Dated at Milwaukee, Wisconsin, this 5th day of March, 2021.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge