# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RONDALE D. TENNER,

        Petitioner,

v.

DYLON RADTKE,

        Respondent.

Case No. 20-CV-569-JPS

**ORDER**

On March 5, 2021, the Court screened Rondale D. Tenner's ("Tenner") amended habeas petition and determined that two out of five claims were properly exhausted. (Docket #6 at 10). The Court gave Tenner a choice between dismissing the petition in its entirety and pursuing exhausting his grounds in state court or electing to proceed only on the exhausted grounds. (*Id.*) If Tenner chose to proceed on the exhausted claims, he was ordered to file an amended habeas petition to include only his exhausted claims. (*Id.*)

On April 1, 2021, Tenner filed an amended habeas petition, which includes the two previously exhausted grounds for habeas relief. (Docket #10). These grounds include, first, that trial counsel was ineffective for failing to cross-examine state witness Misty Beilke on her prior criminal history; and second, that newly discovered evidence in the form of Ivan Boyd's affidavit would have undermined the outcome of trial.

Accordingly,

**IT IS ORDERED** that the parties shall proceed in accordance with the following schedule:

1. Within thirty (30) days of entry of this Order, Respondent shall file either an appropriate motion seeking dismissal of this action or answer the petition, complying with Rule 5 of the Rules Governing Section 2254 Cases, and showing cause, if any, why the writ should not issue; and

2. If Respondent files an answer, then the parties should abide by the following briefing schedule:

   a. Petitioner shall have sixty (60) days after the filing of Respondent's answer within which to file a brief in support of his petition, providing reasons why the writ of habeas corpus should be issued. Petitioner is reminded that, in accordance with 28 U.S.C. § 2248, unless he disputes allegations made by Respondent in her answer or motion to dismiss, those allegations "shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

   b. Respondent shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within sixty (60) days of service of Petitioner's brief, or within one hundred twenty (120) days from the date of this Order if no brief is filed by Petitioner.

   c. Petitioner may then file a reply brief, if he wishes to do so, within thirty (30) days after Respondent has filed a response brief.

3. If Respondent files a motion in lieu of an answer, then the parties should abide by the following briefing schedule:

   a. Petitioner shall have thirty (30) days following the filing of Respondent's dispositive motion and accompanying brief within which to file a brief in opposition to that motion.

b. Respondent shall have fifteen (15) days following the filing of Petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by Respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block;

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, a copy of the petition and this Order have been sent via a Notice of Electronic Filing ("NEF") to State of Wisconsin Respondent through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the Court within twenty-one (21) days from the date of the NEF whether the Department will not accept service of process on behalf of Respondent, the reason for not accepting service for Respondent, and the last known address of Respondent. The Department of Justice will provide the pleadings to a Respondent on whose behalf it has agreed to accept service of process.

Dated at Milwaukee, Wisconsin, this 12th day of January, 2022.

BY THE COURT:

_____
J.P. Stadtmueller
U.S.